UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al. ex rel.* JOHN STONE, | |
| Plaintiff, | No. 09 C 4319<br>Judge James B. Zagel |
| v. | |
| OMNICARE, INC., | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

The essential factual allegations of this case are laid out in two orders I delivered on July 7, 2011 and April 24, 2012 respectively, dismissing Plaintiff's original and first amended complaints. I assume the parties' familiarity with those opinions. Pending now is Defendant's motion to dismiss Counts I-XVIII of Plaintiff's second amended complaint for failure to adequately state a claim. That motion is granted.

Like Plaintiff's first amended complaint, the second amended complaint is again rich with detail about claims for payment Defendant submitted to the government that were allegedly without necessary supporting documentation. And again the complaint ably explains how the government would have rejected those claims if it knew such documentation was absent. As I noted in the April 24 order, missing from the first amended complaint was any allegation that Defendant: (1) falsely certified to the government that it was in compliance with the relevant regulations; and (2) did so with the requisite mental state for a presentment claim under the False Claims Act ("FCA"). *See* 31 U.S.C. § 3729 *et seq.*

Here, Plaintiff in his response brief and the United States in a Statement of Interest

1

written as the real party-plaintiff in the matter have both advanced new and relatively novel theories as to certification and falsity. Plaintiff asserts that the certification requirement that I found to be necessary for an actionable claim may be satisfied under a theory of implied certification. While several circuits and some courts in this District have recognized "implied certification" in the context of FCA claims, the Seventh Circuit does not appear to have done so. *See United States ex rel. Kennedy v. Aventis Pharmaceuticals, Inc.*, 610 F.Supp.2d 938, 946 (N.D.Ill. 2009) (and cases cited).

The United States, for its part, asserts that a claim for medical services or goods that is unsupported by documentation material to the decision to pay is false for purposes of FCA liability "regardless of any accompanying certification."[1] That is, a false certification (express or otherwise) is sufficient but not necessary to render false a subsequent claim for payment. Like Plaintiff's theory, there appears to be no Seventh Circuit authority for the theory urged by the government.

Because Plaintiff still has not properly alleged the required mental state, however, I need not reach the validity of either theory. Plaintiff attempts to cure this defect with anecdotal accounts given by unidentified pharmacy staff members in 2007 and 2008 that claims between the years 2000 and 2005 were routinely submitted without required documentation. This was done, a pharmacy manager is alleged to have said, because "all we're trying to do is get paid."

These allegations are not at the "*individualized transaction level*" required of such claims. *U.S. ex rel. Fowler v. Caremark RX, LLC*, 496 F.3d 730, 741-42 (7th Cir. 2007) (emphasis in original). As Defendant notes, a named supervisor might have been alleged to have expressly instructed employees to file claims known to be fraudulent, *see Abner v. Jewish Hosp. Healthcare Services, Inc.*, 2008 WL 3853361, *5 (S.D.Ind. Aug. 13, 2008), or the allegations

---

[1] The United States expressly took no position as to whether this plaintiff has adequately alleged a basis for liability.

2

might have included specific instances in which employees documented fraudulent filings and informed their supervisors, *see U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1169 (10th Cir. 2010). But by comparison, the allegations here fall short. Indeed, Plaintiff's own assertion that "pharmacy managers did not care what was being submitted to government health programs" as likely evinces negligence as it does actual knowledge, deliberate ignorance, or recklessness. *See* 31 U.S.C. § 3729(b).

      I do not know what Plaintiff or any other interested party could say to improve the complaint. Waiting until a fourth draft to do so, however, is in any event prejudicial to the orderly process of the courts and to legitimate interests of the civil defendant, who ought to know what legal problem they must face sooner than the day a fourth version of the complaint appears on their doorstep. For the foregoing reasons, Defendant's motion to dismiss is granted with prejudice.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: November 20, 2012

3